UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

MARCIA BROWNE,

                    Plaintiff,

-against-

IHOP; RAFAEL ULLOA; MR. STADC,

                    Defendants.
------------------------------------------------------X

MEMORANDUM
AND ORDER
05-CV-2602 (DGT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 0 9 2005
P.M.
TIME A.M.

TRAGER, United States District Judge:

Plaintiff proceeding *pro se* brings this action to challenge the working conditions at "IHOP".[1] She seeks money damages. The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915, but dismisses the action for the following reasons.

**Standard of Review**

In reviewing plaintiff's complaints, the Court is mindful that because plaintiff is proceeding *pro se*, her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**Discussion**

According this *pro se* complaint the close and sympathetic reading to which it is entitled,

---

[1] Although not identified in the pleadings, the Court interprets "IHOP" to be the International House of Pancakes. Indeed, there is an International House of Pancakes at 2101 Ralph Ave, Brooklyn, New York 11234, the street address which plaintiff provides. See, www.ihop.com.

1



Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's complaint states in its entirety:

1. At all times 728 Howard Ave Apt 4E Bklyn NY 11212.
2. Defendant I.H.O.P. 2101 Ralph Ave Brooklyn NY 11234
3. The jurisdiction . . . 29 U.S.C. 206 (a)(b).
4. For the past 4 yrs I'm working for I.H.O.P. with no ½ an hr break and most of the time I do double shift
5. Money damage $5,000 to $10,000.

Plaintiff alleges that this Court has jurisdiction over this matter under the Fair Labor Standards Act (FLSA). However, the FLSA does not require employers to provide employees with unpaid meal periods during the workday.[2] Thus, plaintiff's complaint fails to state a claim on which relief may be granted under the FLSA.

Although plaintiff brought this claim in federal court, she may be trying to allege violations of New York State Labor laws. While Article 5 of the New York Labor Law, section 162, affords an unpaid meal period,[3] there is no private right of action to enforce this provision. E.E.O.C. v. Wal-Mart Stores, Inc., No. 99-CV-453, 2001 WL 1725300, at *7 (W.D.N.Y. Sept. 28, 2001) (no private right of action under N.Y. Labor Law § 162) (citing McElroy v. City of New York, 50 Misc.2d 223, 270 N.Y.S.2d 113 (N.Y.Sup.1966) aff'd 29 A.D.2d 737, 287 N.Y.S.2d 352 (2nd Dept.1968)); Carrube v. New York City Transit Authority, 291 A.D.2d 558,

---

[2]If provided, however, "bona fide" meal periods, consisting of 30 minutes or more, are not counted as compensable work time. 29 U.S.C. § 785.19.

[3]Employees are entitled to one thirty-minute unpaid meal period for the "noonday meal period." "Noonday meal period" is recognized as extending from 11 a.m. to 2 p.m.. N.Y. Labor Law §§ 162(3) to (5). Every person who starts work before 11 a.m. and continues working later than 7 p.m. must receive an additional meal period of at least 20 minutes between 5 p.m. and 7 p.m.. Id.

2

738 N.Y.S.2d 67 (2002) (there is no implied private right of action for alleged violations of Labor Law section 162); see also Kahn v. Superior Chicken & Ribs, Inc., 331 F. Supp. 2d 115, 116 (E.D.N.Y. 2004) (Without providing the reasons therefore, the court notes that it previously granted defendant's motion to dismiss plaintiff's claims for lost wages relating to defendant's alleged failure to provide meal periods pursuant to New York Labor Law § 162); compare with Chu Chung v. New Silver Palace Restaurant, 272 F. Supp. 2d 314 (S.D.N.Y. 2003) (private right of action under FLSA to enforce provision of New York Labor Law, Article 6, section § 198 where there was an indication of legislative intent to allow employees a private right of action against their employers). Thus, plaintiff's claim, to the extent it is based upon New York Labor Law § 162, is dismissed. Without offering any opinion on the merits of plaintiff's claim, plaintiff may consider presenting her claim to the New York Commissioner of Labor who is charged with regulating and enforcing New York's labor laws. Carrube, 738 N.Y.S.2d at 68 (citing N.Y. Labor Law § 21).

**Conclusion**

Accordingly, plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). For the purpose of an appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DAVID G. TRAGER
United States District Judge

Dated: Broklyn, New York
August 2, 2005